Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2012, 11:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**J. MICHAEL SAUER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ARTHUR JOHN BRYANT,　　　　　)
　　　　　　　　　　　　　　　　)
　　　Appellant-Defendant,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　vs.　　　　　　　　　)　　No. 31A04-1109-PC-542
　　　　　　　　　　　　　　　　)
STATE OF INDIANA,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Appellee-Plaintiff.　　　　　)

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-0506-PC-2

**December 31, 2012**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

In his petition for rehearing, Bryant seeks reconsideration of his argument that his attorneys were ineffective due to their failure to object to testimony about the conversation he had with his mother during their meaningful consultation at the police station. We grant Bryant's petition for the limited purpose of clarifying our opinion.

Two officers eavesdropped on Bryant's meaningful consultation with his mother at the police station. Bryant's pre-trial motion to suppress the testimony was denied and at trial, Detective Bauman was allowed to testify over objection about the conversation that was overheard. Officer Whelan testified next about what was overheard, but defense counsel did not object. On direct appeal, we found that the error in admitting Detective Bauman's testimony was harmless because it was cumulative of Officer Whelan's testimony, to which no objection was lodged. On appeal from the denial of Bryant's petition from post-conviction relief, Bryant argued that his trial counsel were ineffective for failing to object to Officer Whelan's testimony about the same matter.

Counsel for Bryant testified that in general one strategy at trial is not to object too frequently for fear of leaving the jury with the impression that the defendant has something to hide. Counsel also testified that an objection should have been lodged to Officer Whelan's testimony because the error would have been preserved for purposes of appeal. To prove ineffective assistance of counsel for failure to object, however, a petitioner must establish that an objection would have been sustained, and that he was prejudiced by the failure to object. *Timberlake v. State*, 690 N.E.2d 243 (Ind. 1997). Given the trial court's prior ruling on the testimony of Detective Bauman, an objection likely would not have been sustained. Bryant has failed to meet his burden.

Moreover, Bryant was not prejudiced by his counsel's failure to object because there was substantial independent evidence of his guilt such that it is unlikely the erroneously admitted evidence played a role in his conviction. See *Sundling v. State*, 679 N.E.2d 988 (Ind. Ct. App. 1997) (erroneous admission of evidence is harmless where there was substantial independent evidence of guilt such that erroneously admitted evidence likely played no role in the conviction). Here, jeans were found in the trunk of the vehicle where Bryant's step-mother's body was found. DNA tests of the jeans revealed that they were stained with Bryant's step-mother's bodily fluids and that Bryant had worn them. Bryant gave away some of his step-mother's jewelry and pawned some of her property. He showed the car to his friends, while his step-mother's body remained in the trunk, and drove around in that car for a number of days. In short, the erroneously admitted evidence likely had no impact on Bryant's conviction given the strength of the State's case against him.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.